UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWNCEY BLAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANTA CLARA DEPT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03352-HSG<br><br>**ORDER REMANDING CASE TO STATE COURT; DENYING PENDING MOTIONS AS MOOT**<br><br>Re: Dkt. Nos. 4, 13 |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, initiated this action by filing a *pro se* complaint in Santa Clara County Superior Court against the Santa Clara Department of Corrections ("Santa Clara DOC") and Santa Clara Valley Medical – Adult Custody Health Services (collectively, "Defendants). Pending before the Court are Plaintiff's motions to remand the case (Docket No. 4) and to consolidate cases (Docket No. 13). For the reasons set forth below, the Court GRANTS Plaintiff's motion to remand and remands this case back to the Santa Clara Superior Court; and DENIES AS MOOT the motion to consolidate cases filed in this action.

## BACKGROUND

On December 16, 2014, Plaintiff initiated this case by filing a complaint in Santa Clara County Superior Court against Defendants.[1] *See* Docket No. 6-6 (*hereinafter* "Complaint"). The Complaint lists a single cause of action for general negligence, which Plaintiff also refers to as

---

[1] Plaintiff does not dispute that the Complaint initiated this action. However, Plaintiff attaches a different complaint to his notice of removal. *See* Docket No. 4 at 6–9 (*hereinafter* Removal Complaint). Since the Complaint bears the Santa Clara County Superior Court's file-stamp and the Removal Complaint does not, the Court treats the Complaint as the operative complaint in this action.

medical negligence. *See id.* at 3–4. In the Complaint, Plaintiff alleges that Defendants failed to "treat and protect [him] from further injury [to his lower back]." *See id.* at 3. He alleges that after he injured his back loading blankets in January 2014, he requested an immediate medical appointment but was not seen by a doctor for eighty days. *See id.* He attaches two Santa Clara County DOC inmate grievance forms to the Complaint. In the first grievance form, he complains about the Santa Clara County Jail's failure to staff the jail with the necessary number of medical professionals and complains about the denial of soap to inmates. *See id.* at 5. The second grievance form is illegible but appears to grieve the above-mentioned delayed medical appointment. *See id.* at 6. Plaintiff does not reference federal laws in the Complaint.

On June 23, 2015, Plaintiff served Defendants with the documents attached to the Notice of Removal.[2] *See* Docket No. 1-1 and 1-2. Defendants received these documents on June 30, 2015. *See* Docket No. 5 at 3. Some of these documents reference the Eighth Amendment and the

---

[2] The documents consisted of the following:
(1)	Santa Clara Superior Court Civil Lawsuit Notice and Alternative Dispute Resolution Information Sheet, *see* Docket No. 1-1 at 1–2;
(2)	California Form CM-010 Civil Case Cover Sheet file-stamped December 16, 2014 by the Santa Clara Superior Court and executed by Plaintiff on December 5, 2014, *see* Docket No. 1-1 at 3;
(3)	California Complaint Form PLD-PI-001 – Personal Injury, Property Damage, Wrongful Death file-stamped December 16, 2014 by the Santa Clara Superior Court and executed by Plaintiff on December 5, 2014, *see* Docket No. 1-1 at 4–6;
(4)	California Form SUM-100 Judicial Summons, *see* Docket No. 1-1 at 7;
(5)	California Form POS-010 Proof of Service of Summons, *see* Docket No. 1-1 at 8;
(6)	California Form POS-015 Notice and Acknowledgement of Receipt – Civil, executed by Plaintiff on June 23, 2014 *see* Docket No. 1-1 at 9;
(7)	letter dated June 12, 2015 from the Santa Clara County Sheriff's Office to Plaintiff responding to Plaintiff's appeal of Grievance #101031, *see* Docket No. 1-1 at 10;
(8)	Plaintiff's Inmate Grievance #101031, *see* Docket No. 1-1 at 11;
(9)	letter dated June 10, 2015 from Plaintiff to Division Commander appealing the denial of his Grievance #101031, *see* Docket No. 1-1 at 12;
(10)	letter dated July 3, 2014 from Santa Clara County's Employee Services Agency Liability/Property Claims Department to Plaintiff rejecting Plaintiff's Claim #HL-035328, *see* Docket No. 1-1 at 13–16 (two copies);
(11)	5-page document titled "Plaintiff Summary Brief" and dated June 15, 2015, *see* Docket No. 1-2 at 1–5; and
(12)	California Form POS-040 Proof of Service – Civil, dated June 23, 2015 *see* Docket No. 1-2 at 7–8.

United States District Court
Northern District of California

First Amendment. *See*, *e.g.*, Docket No. 1-2 at 1–5.

On July 21, 2015, Defendants removed this case from Santa Clara Superior Court and paid the $400 filing fee. *See* Docket No. 1. On August 7, 2015, Plaintiff timely filed a motion to remand the case. *See* Docket No. 4.

**DISCUSSION**

A.   <u>Legal Standard Governing Removal</u>

Section 1441(a) of Title 28 provides that a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." The vast majority of lawsuits "arise under the law that creates the cause of action." *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. However, "a case may [also] arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law,'" *Merrell Dow*, 478 U.S. at 808 (quoting *Franchise Tax Bd. of Cal. V. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 9 (1983)), but "only [if] . . . the plaintiff's right to relief *necessarily* depends on resolution of a substantial question of federal law," *Franchise Tax Bd*., 463 U.S. at 28 (emphasis added).

For removal to be proper, it must be clear from the face of the complaint that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n. v. Graham*, 489 U.S. 838, 840–41 (1989). The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392 (1987) (quotation marks and citation omitted); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citations omitted). This rule makes the plaintiff the master of his claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar, Inc.*, 482 U.S. at 392.

The removal statute is strictly construed against removal and the defendant bears the

burden of establishing grounds for removal.  *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citations omitted); *Nevada v. Bank of America Corp.*, 672 F.3d 661, 667 (9th Cir. 2012) (citation omitted).  Courts must consider whether federal jurisdiction exists, *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996) (quotation marks and citations omitted), and must reject federal jurisdiction if there is any doubt as to the right of removal in the first instance, *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quotation marks and citation omitted); *Hunter*, 582 F.3d at 1042 (citations omitted).

B.   Analysis

Defendants removed this action pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1443, contending the complaint alleges causes of action under 42 U.S.C. § 1983 for violations of the Eighth and First Amendments, and that this Court therefore has original jurisdiction over this action under 28 U.S.C. § 1331.  *See* Docket No. 1 at 1–2.  Plaintiff seeks remand to state court, arguing that the instant action solely alleges the state-law claim of medical negligence.

Because the presence of federal-question jurisdiction is governed by the well-pleaded complaint rule, the Court examines whether a federal question is presented on the face of Plaintiff's properly pleaded complaint.  *See Caterpillar, Inc.*, 482 U.S. at 392.  Defendants correctly note that three versions of the complaint exist in the record.  However, the only complaint that is relevant for the purposes of determining whether removal is appropriate is the complaint filed with the Santa Clara County Superior Court on December 16, 2014, which initiated this action, i.e. the Complaint.  As discussed *supra*, the Complaint only brings a general negligence claim against Defendants, which Plaintiff also refers to as medical negligence.  *See* Complaint at 3–4.  The Complaint alleges that Defendants failed to "treat and protect [him] from further injury [to his lower back]," by assigning him to work in the laundry room, by failing to promptly provide him with medical attention after he reinjured his back in January 2014 and by failing to properly staff the jail with medical professionals.  *See id.* at 3 and 5.

Contrary to Defendants' arguments, Plaintiff's state-law negligence claim does not turn on whether his Eighth Amendment rights were violated.  A state-law claim of negligence requires a showing that the defendant owed the plaintiff a legal duty, that the defendant breached the duty,

4

and that the breach was a proximate or legal cause of injuries suffered by the plaintiff. *United States Liab. Ins. Co. v. Haidinger–Hayes, Inc.*, 463 P.2d 770, 774 (1970); *see also* 6 Witkin, Summary of California Law § 835, p. 52 (10th ed. 2010 and Supp. 2015). In contrast, an Eighth Amendment violation requires deliberate indifference to a plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official is deliberately indifferent to a prisoner's serious medical needs only if he knew that the prisoner faced a substantial risk of serious harm and if that prison official disregarded that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A showing that a prison official has been negligent or medically negligent is insufficient to establish a constitutional deprivation under the Eighth Amendment. *See Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) ("Mere medical malpractice does not constitute cruel and unusual punishment.") (citation omitted); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (stating that even gross negligence is insufficient to establish a constitutional violation); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain); *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care). The converse is also true. If a certain set of facts are insufficient to show that prison officials have been deliberately indifferent to a prisoner's serious medical needs in violation of the Eighth Amendment, these same set of facts may be sufficient to make a showing of negligence. *See, e.g.*, *O'Loughlin*, 920 F.2d at 617 (although prisoner's allegations do not rise to the level of an Eighth

Amendment violation, "they may constitute grounds for a medical malpractice claim").

Defendants' other attempts to "federalize" Plaintiff's negligence claim are also unpersuasive.

Defendants argue, in essence, that the facts alleged in the Complaint could only support a federal constitutional claim because (1) the facts alleged in the Complaint do not support a state-law claim of negligence,[3] and because (2) in a federal action previously filed by Plaintiff, *Blake v. Santa Clara Dep't. of Corr., et al.*, No. C 14-2568 JSW (PR) ("*Blake I*"), these same facts were interpreted as seeking remedy for a Eighth Amendment violation. Defendants are incorrect. Any failure by Plaintiff to allege sufficient facts to support his state-law claim does not transform his claim into a violation of federal law. Similarly, a federal court finding that the facts alleged in the Complaint could state a cause of action for an Eighth Amendment violation does not preclude the same facts supporting a separate cause of action for negligence. In addition, Defendants misstate the basis for dismissal of *Blake I*. In *Blake I*, the federal court did not interpret the facts as seeking remedy for an Eighth Amendment violation. Rather, the federal court did not reach that issue and *Blake I* was dismissed because Plaintiff failed to allege any policy, pattern or general practice by Santa Clara County that caused him to receive inadequate care, which is necessary to impose liability for a civil rights violation under Section 1983 on municipal entities such as Defendants, and because Plaintiff failed to make any factual allegations regarding Correctional Officer Nguyen. *See* Order of Dismissal, *Blake I* (October 7, 2014).

Finally, Defendants' speculation that Plaintiff will amend the Complaint to add a federal claim is irrelevant to the Court's analysis. In determining whether removal is proper, the Court only examines the properly-pleaded complaint. *See Caterpillar, Inc.*, 482 U.S. at 392; *see*, *e.g.*, *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (post-removal amendments to pleadings cannot affect whether a case is removable; propriety of removal determined solely on the basis of the pleadings filed in state court).

---

[3] Defendants incorrectly argue that Plaintiff is alleging a medical malpractice claim. *See* Docket No. 5 at 6. The Complaint utilizes the California Judicial Form for a general negligence cause of action, *see* Complaint at 3; and Plaintiff describes his cause of action as negligence and medical negligence, *see id.* at 4. Medical malpractice is not mentioned in the Complaint.

Plaintiff is the master of his complaint. In the instant action, he has chosen to avoid federal jurisdiction by exclusively relying on state law. Nor is federal law a necessary element of his state law claim. Accordingly, remand is appropriate. *See*, *e.g.*, *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand (Docket No. 4) and orders that this case be remanded back to Santa Clara County Superior Court. Any pending motions in this case are DENIED AS MOOT, including the motion to consolidate cases filed in this action (Docket No. 13).

**IT IS SO ORDERED.**

Dated: 12/8/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge